IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMBER NAVA, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| HEALTHCARE COLLECTIONS-I, LLC, § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Amber Nava ("Plaintiff"), an individual, for Defendant Healthcare Collections-I, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff is a natural person residing in the State of Texas, County of Brazos, and City of College Station.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or about March 4, 2013, Plaintiff received $645.00 in medical services from John Pinkstaff, MD.

12. The Debt was forwarded to Cigna, Plaintiff's primary insurance company, on March 19, 2013.

13. On March 29, 2013, Cigna processed the claim and covered 90% of the Debt, leaving $64.50 as the balance of the Debt.

14. Upon information and belief, Plaintiff's coinsurance covered the remaining $64.50.

15. Although the Debt had been paid, Pinkstaff re-submitted the claim to Cigna on September 10, 2013.

16. Cigna denied coverage of the claim since it had previously covered it on March 29, 2013, stating in relevant part: "These expenses are duplicates. We already processed them . . . ."

17. Thereafter, Pinkstaff sent the Debt to Defendant for collection.

18. In an attempt to collect the Debt, Defendant sent Plaintiff an initial written communication dated December 18, 2013.

19. A true and accurate copy of Defendant's December 18, 2013 letter is attached to this complaint as Exhibit A.

20. Defendant's December 18, 2013 letter falsely represented that Plaintiff owed the Debt.

21. Subsequently, Defendant sent Plaintiff a written communication dated January 16, 2014.

22. A true and accurate copy of Defendant's January 16, 2014 letter is attached to this complaint as Exhibit B.

23. Defendant's January 16, 2014 letter again falsely represented the balance of the Debt as $645.00.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

28.Plaintiff repeats and re-alleges each and every factual allegation above.

29.Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully the amount of the Debt in its initial correspondence or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30.Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 17, 2014

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:602-388-8898
Facsimile:866-317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Southern District Bar # 1572837
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8875
Facsimile: 866-317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff